1 | PILLSBURY WINTHROP SHAW PITTMAN LLP
RICHARD ZAITLEN (SBN 63283)
2 | richard.zaitlen@pillsburylaw.com
EVAN FINKEL (SBN 100673)
3 | evan.finkel@pillsburylaw.com
JAMES CHANG (SBN 271864)
4 | james.chang@pillsburylaw.com
TIM RAWSON (SBN 304755)
5 | tim.rawson@pillsburylaw.com
6 | 725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
7 | Telephone:  213.488.7100
Facsimile:   213.629.1033
8 |
9 | Attorneys for Plaintiff and
Counter defendant GLOBERIDE, INC.
10 | **(Counsel's information cont. on p.2)**

11 | UNITED STATES DISTRICT COURT
12 | CENTRAL DISTRICT OF CALIFORNIA
13 |

| | |
|---|---|
| GLOBERIDE, INC., | Case No. 2:15-CV-03000-R-SS |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | Judge:      Hon. Manuel L. Real |
| PURE FISHING, INC., | CrtRm:      8 |
| Defendant. | |
| AND RELATED CROSS-ACTION. | |

BRADLEY ARANT BOLT CUMMINGS LLP
PAUL SYKES (SBN ASB-4309-S52p)
psykes@babc.com
RUDY HILL
rhill@babc.com
1819 Fifth Avenue North
Birmingham, AL  35203
Telephone:  205-521-8766
Facsimile:   205-488-6766

ARENT FOX LLP
DAVID BAYLES (SBN 208112)
bayles.david@arentfox.com
GARY WOLENSKY (SBN 154041)
gary.wolensky@arentfox.com
555 West Fifth Street 48th Floor
Los Angeles, CA 90013-1065
Telephone:  213-629-7400
Facsimile:   213-629-7401

Attorneys for Defendant and
Counterclaimant PURE FISHING, INC.

Pursuant to the Stipulation to Entry of Order Governing Use and Dissemination of Confidential Information filed by Plaintiff Globeride, Inc. and Defendant Pure Fishing, Inc., the Court hereby enters this Protective Order (the "Order") to protect confidential information and material that may be produced or otherwise disclosed by the parties or third parties during the course of discovery in this case and in order to facilitate the exchange of information and documents that may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights.

IT IS HEREBY ORDERED that:

1.     No person subject to this Order may disclose information of any kind produced or disclosed in the course of discovery or settlement discussions in this action (hereinafter "Discovery Material") which a Party has designated as "Confidential" or "Confidential Attorneys Eyes Only" (hereinafter "Confidential AEO") pursuant to this Order to anyone else except as this Order expressly permits.

2.     The Party or person producing or disclosing Discovery Material (hereinafter "Producing Party") may designate as "Confidential" only the portion of such material that it reasonably and in good faith believes consists of:

      (a)     previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

      (b)     previously non-disclosed material relating to ownership or control of any non-public company;

      (c)     previously non-disclosed business plans, product-development information, or marketing plans;

1

(d)    any information of a personal or intimate nature regarding any individual;

(e)    information related to previously non-disclosed and/or sensitive information regarding suppliers, manufacturers, or other entities with which either Party has business relations;

(f)    any information that any Party reasonably and in good faith believes would give a direct competitor an unfair business advantage by virtue of disclosure of that information; or

(g)    any other category of information this Court subsequently affords confidential status.

3.    A Producing Party may designate as "Confidential AEO" only the portion of Discovery Material that it reasonably and in good faith believes consists of highly sensitive and/or commercially competitive Discovery Material, including but not limited to the types of information identified in subparagraphs 2(a)-(g) above.

4.    A Producing Party or its counsel may designate the confidential portion of any Discovery Material other than deposition transcripts and exhibits as "Confidential" or "Confidential AEO" by stamping or otherwise clearly marking as "Confidential" or "Confidential AEO" the protected portion in a manner that will not interfere with legibility or audibility.

5.    A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material or Confidential AEO Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Confidential AEO information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as

2

"Confidential" or "Confidential AEO" and will indicate "Information Governed by Protective Order" or (b) notifying the reporter and all counsel of record, in writing, within this thirty (30) days after receiving a transcript of the deposition, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Confidential AEO," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.  During the thirty (30) day period following the Parties' receipt of transcripts of the deposition, all Parties will treat the entire deposition transcript as if it had been designated "Confidential."

6.     If at any time before the close of the discovery period in this action a Producing Party realizes that it should have designated as "Confidential" or "Confidential AEO" some portion or portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing.  Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as "Confidential" or "Confidential AEO."   To the extent belatedly-designated "Confidential" or "Confidential AEO" Discovery Material was previously submitted in a filing or motion, the party submitting the filing shall cooperate with the designating party in any motion or request to the Court to seal such information, in accordance with the Court's rules and procedures.   Nothing herein shall prevent a party from challenging the propriety of the belated designation of the documents in accordance with paragraph 13 below.

7.     Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver

3

1   of any privilege or protection; or (c) a ruling regarding the admissibility at trial

2   of any document, testimony or other evidence.   Without limiting the

3   foregoing, the production of documents subject to work product protection,

4   trade secret protection, the attorney-client privilege or other privilege or

5   protection provided by law shall not constitute a waiver of the protection or

6   privilege, provided that the Producing Party (or the party holding the privilege

7   or protection if produced by a third party, such as an outside law firm)

8   promptly after learning of the production notifies the party to whom the

9   Discovery Material was produced (the "Receiving Party") in writing that it

10   intends to assert privilege or other protection with regard to such production.

11   No party to this Action thereafter shall assert that such inadvertent disclosure

12   alone waived any privilege or protection.   Absent court order or agreement of

13   the parties to the contrary, no use shall be made of such documents during

14   deposition, at trial, or in any filing or motion, nor shall they be shown to

15   anyone who was not given access to them prior to the request to return or

16   destroy them. Any Receiving Party will return or destroy such inadvertently

17   produced items and all copies within five (5) business days of receiving a

18   written request from the Producing Party for the return or destruction of such

19   items and certify such return or destruction in writing to the Producing Party,

20   and provide written confirmation of compliance.   The return of such items

21   shall not be construed as an agreement by the returning party that the

22   information is, in fact, protected by any privilege or immunity.   Within seven

23   (7) days of receiving written confirmation from any Receiving Party, the

24   Producing Party must serve a supplemental privilege log covering the

25   privileged or otherwise protected matter produced.   The Receiving Party,

26   having so returned the items, may thereafter seek production of any such

27   documents in accordance with the Federal Rules of Civil Procedure (without

28

4

asserting waiver based solely on their inadvertent production).  Nothing in this Order shall (i) prevent the Receiving Party from challenging the propriety of the attorney-client privilege or other privilege or protection asserted by submitting a written challenge to the Court in accordance with paragraph 13 below or any other applicable rule or statute; or (ii) be construed to require the production of any information, document, electronically stored information or thing that a party contends is protected from disclosure by any privilege or protection.  To the extent applicable, Federal Rule of Evidence 502(d) shall apply.

8.    Where a Producing Party has designated Discovery Material as "Confidential," other persons subject to this Order may disclose such information only to the following persons:

    (a)    A maximum of four (4) employees of the Parties to this action, the Parties' insurers, and counsel to their insurers;

    (b)    counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (c)    outside vendors or service providers (such as copy service providers and document management consultants) that counsel hire and assign to this matter, provided such persons or entities have first been notified of this Confidentiality Agreement and Protective Order;

    (d)    any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Nondisclosure Agreement;

5

(e)   as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)   any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Nondisclosure Agreement;

(g)   any person a Party retains to serve as an expert witness or to otherwise provide specialized advice to counsel or a Party in connection with this action and/or settlement of this action (through a potential business arrangement or otherwise), including but not limited to outside counsel, consultants, accountants and other financial professionals, provided such person has first executed a Nondisclosure Agreement;

(h)   stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)   this Court, including any appellate court, its support personnel, and court reporters.

9.    Where a Producing Party has designated Discovery Material as "Confidential AEO," other persons subject to this Order may disclose such information only to the following persons:

(a)   counsel retained specifically for this action, including any paralegal;

(b)   outside vendors or service providers (such as copy service providers and document management consultants) that counsel hire and assign to this matter, provided such

6

persons or entities have first been notified of this Confidentiality Agreement and Protective Order;

(c)   any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Nondisclosure Agreement;

(d)   as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(e)   any person a Party retains to serve as an expert witness or to otherwise provide specialized advice to counsel or a Party in connection with this action and/or settlement of this action (through a potential business arrangement or otherwise), including but not limited to outside counsel, consultants, accountants and other financial professionals, provided such person has first executed a Nondisclosure Agreement;

(f)   stenographers engaged to transcribe depositions the Parties conduct in this action; and

(g)   this Court, including any appellate court, its support personnel, and court reporters.

10.   Before disclosing any "Confidential" or "Confidential AEO" Discovery Material to any person referred to in subparagraphs 8(d), (f), or (g), or 9(d) or (f), counsel must provide a copy of this Order to such person, who must sign the Nondisclosure Agreement attached hereto as Exhibit "A" stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Nondisclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to

testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11.    This Court retains discretion as to whether to afford confidential treatment to any Discovery Material designated as "Confidential" or "Confidential AEO" and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12.    If the Parties desire to file "Confidential" or "Confidential AEO" Discovery Material with this Court, or any portions of any pleadings, motions, or other papers that disclose such "Confidential" or "Confidential AEO" Discovery Material ("Confidential Court Submission"), the Parties shall follow the procedures required by Local Rule 79-5, effective December 1, 2015, to request permission to file Confidential Court Submissions under seal, and to effect service of the same.

13.    Any Party who objects to any designation of confidentiality may at any time within the discovery period established by the District Judge to which this action is assigned, serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court pursuant to the procedure set forth in Central District of California Local Rule 37.

14.    Recipients of "Confidential" or "Confidential AEO" Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and for the purpose of assessing settlement of this action, and not for any business, commercial, or competitive propose or in any other litigation proceeding.  Nothing contained in this Order,

1  however, will affect or restrict the rights of any Party with respect to its own

2  documents or information produced in this action.

3      15.    Nothing in this Order will prevent any Party from producing any

4  "Confidential" or "Confidential AEO" Discovery Material in its possession in

5  response to a lawful subpoena or other compulsory process, or if required to

6  produce it by law or by any government agency having jurisdiction, provided

7  that such Party gives written notice to the Producing Party as soon as

8  reasonably possible, and if permitted by the time allowed under the request, at

9  least ten (10) days before any disclosure.  Upon receiving such notice, the

10  Producing Party will bear the burden to oppose compliance with the subpoena,

11  other compulsory process, or other legal notice if the Producing Party deems it

12  appropriate to do so.

13      16.    Each person who has access to Discovery Material designated as

14  "Confidential" or "Confidential AEO" pursuant to this Order must take all due

15  precautions to prevent the unauthorized or inadvertent disclosure of such

16  material.

17      17.    The Parties agree that privileged or protected communications

18  occurring on or after December 20, 2012, need not be recorded on the Party's

19  privilege log.

20      18.    Within sixty (60) days of the final disposition of this action -

21  including all appeals – all recipients of "Confidential" or "Confidential AEO"

22  Discovery Material must either return the material – including all copies

23  thereof-to the Producing Party, or, upon permission of the Producing Party,

24  destroy such material-including all copies thereof, and provide evidence of

25  such destruction to the Producing Party.  In either event, by the sixty (60) day

26  deadline, the recipient must certify its return or destruction by submitting a

27  written certification to the Producing Party that affirms that it has not retained

28

9

any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the "Confidential" or "Confidential AEO" Discovery Material.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain "Confidential" or "Confidential AEO" Discovery Material.  Any such archival copies that contain or constitute "Confidential" or "Confidential AEO" Discovery Material remain subject to this Order.

19.    The Parties agree and acknowledge that the terms of this Order will continue throughout trial of this matter and shall survive the termination of the litigation, notwithstanding the Court's lack of jurisdiction from the date of commencement of trial.

20.    The Parties acknowledge that any disclosure or exchange of "Confidential" or "Confidential AEO" Discovery Material that has occurred prior to the date of entry of this Order is subject to this Agreement.

21.    This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

GOOD CAUSE appearing, the Court hereby enters this Stipulation and Protective Order.

IT IS SO ORDERED:

Dated: January 20, 2016

_____
Honorable Manuel L. Real
United States District Judge

11

**Attachment "A"**

**NONDISCLOSURE AGREEMENT**

I,_____, state that:

1.    My address is

_____

2.    My present employer is

_____

3.    My present occupation or job description is

_____

4.    I have received a copy of the Protective Order entered in the case of *Globeride, Inc. v. Pure Fishing, Inc.*, United States District Court – Central District of California Case No. 2:15-CV-03000-R-SS.

5.    I have read and understand the Order Governing Use and Dissemination of Confidential Information (the "Order").  I hereby agree to comply with all of the terms of the Order, including holding in confidence and not disclosing to any unqualified person all documents, things, or information designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY."

6.    I hereby expressly covenant that I will only use the documents, things, or information designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" in connection with the above-referenced litigation and that I will not use such documents, things, or information for any other purpose.  Further, I expressly covenant that I will not use such documents, things, or information for the benefit of myself or any other person or entity.

7.    Within sixty (60) days of notice by any Party that this litigation is over, or that my involvement is no longer deemed necessary, I expressly

12

covenant that I will return all information and materials provided to me with the designation of "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY."  I will also provide a Declaration, submitted under penalty of perjury, which identifies by Bates Number, the information and materials that I am returning.

    8.    I hereby consent to the jurisdiction of the United States District Court – Central District of California for the purpose of enforcing the Order and this agreement to be bound thereby.


Dated:_____          _____
                                      Signature

                                      _____
                                      Print Name

13